IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thaddeus J. Dingle., | ) | Civil Action No.: 3:18-cv-02893-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Strategic Management | ) | |
| Partners, Janice Wiggins, | ) | |
| Abigail, Juanita Rose, Johnny | ) | |
| Benson, Christi Bradley, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on September 30, 2019. (ECF No. 57.) The Report addresses Plaintiff Thaddeus Dingle's suit under 42 U.S.C. § 1983, alleging that his employer discriminated against him because of his race, religion, and national origin in violation of Title VII, 42 U.S.C. § 2000(e) *et seq*. (ECF No. 1.) The Report recommends that the court dismiss the case pursuant to Fed. R. Civ. P. 41(b). For the reasons stated herein, the court **ACCEPTS** the Report, and **DISMISSES** the case pursuant to Fed. R. Civ. P. 41(b).

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 57.) As brief background, on October 25, 2018, Plaintiff, proceeding *pro se*, filed his Complaint, alleging constitutional violations pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Specifically, in his Complaint, Plaintiff alleges that Defendants "denied [him] a reasonable religious accommodation and discharged [him] because of [his religion]." (ECF No. 1-3 at 1.) Specifically, Plaintiff contends that he was terminated from his place of employment based on

1

his religion (Hebrew) because he requested time off from work during Saturdays in order to observe "holy day" and Defendants denied his request due to a policy that required employees to work on Saturdays. (ECF No. 1-3.)

On October 29, 2018, the court entered an order (ECF No. 7) requiring Plaintiff to "always keep the Clerk of Court advised in writing . . . if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you." *Id*. The court cautioned Plaintiff, "**[i]f as a result of your failure to comply with this Order, you failed to meet a deadline set by this Court, <u>your case may be dismissed for violating this Order</u>**." *Id*. (Emphasis in original). Nevertheless, beginning on March 18, 2019, the mail sent to Plaintiff by the court has been returned as "not deliverable as addressed, unable to forward." *See* ECF Nos. 29, 31,43, 44, 56.)

On June 12, 2019, Defendants filed their Motion to Dismiss. (ECF No. 38.) On June 17, 2019, the Magistrate Judge issued a *Roseboro* Order (ECF No. 41), which apprised Plaintiff of the procedures surrounding summary judgment. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (requiring the court to provide an explanation of the dismissal and summary judgment procedures to *pro se* litigants). Plaintiff was also informed of the possible consequences if he failed to respond adequately to the motion. (ECF No. 41.). On September 30, 2019, the Magistrate Judge issued a Report, which recommended dismissing the case due to Plaintiff's failure to prosecute and his failure to update the court of an address change.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of

those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on September 30, 2019. (ECF No. 57.) Objections to the Report were due by October 15, 2019. (ECF No. 57.) However, objections were due by October 18, 2019, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) Neither party filed objections to the report. Further, despite the court's repeated request for an updated address, Plaintiff has failed to provide the court with his change of address or otherwise prosecute this case.

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 57.) Because there are no objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 57). Therefore, the court **DISMISSES** the case as to all Defendants pursuant to Fed. R. Civ. P. 41(b). All other pending motions are **MOOT**.[1]

**IT IS SO ORDERED.**

United States District Judge

January 2, 2020
Columbia, South Carolina

---

[1] Because the court is dismissing the entire case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, all other pending motions, including ECF Nos. 38, 53, are now moot.